IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TIESHA TRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | 07 C 3560 |
| a municipal corporation, | ) | |
| CRAIG BURTON, | ) | Hon. Judge Lefkow |
| Star Number 17318, in his | ) | |
| individual capacity, | ) | Hon. Mag. Judge Valdez |
| MATHEW CADMAN, | ) | |
| Star Number 17276, | ) | |
| in his individual capacity, | ) | |
| KENNETH MOLESKY, | ) | |
| Star Number 6538, | ) | |
| in his individual capacity, | ) | |
| LT. THOMAS MCMAHON, | ) | |
| Star Number 26, | ) | |
| in his individual capacity, | ) | |
| CAPT. CYNTHIA WHITE, | ) | |
| Star Number 78, | ) | |
| in her individual capacity, | ) | |
| DOROTHY BROWN, Clerk of the | ) | |
| Circuit Court of Cook County, | ) | |
| in her individual capacity, | ) | |
| COUNTY OF COOK, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Jurisdiction/Venue

    1.    This incident occurred on February 9, 2007, in the City of Chicago, Cook County, Illinois.

    2.    The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42

1

U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

Parties

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of County Club Hills, Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendants Burton, McMahon, Molesky, McMahon, and White, who were acting under color of law and in the course and scope of their employment with the City of Chicago.

5. At the time of the occurrence, Defendant Dorothy Brown was Clerk of the Circuit Court of Cook County, and is being sued in her individual capacity. In taking the actions described above, Brown acted under color of law, and in the course and scope of her employment.

Facts

6. On or about February 9, 2007, at or about 727 E. 111th Street, Chicago, Illinois, Defendants Burton, Cadman, and/or Molesky arrested the Plaintiff, without legal justification, on an invalid warrant in relation to a misdemeanor driving on a suspended license case, Ticket No. YJ189509, the proximate result was the Plaintiff's damages.

7. The warrant for the Plaintiff was invalid because she had previously posted bail on the charge with an employee with the Clerk for the Circuit Court of Cook County, which should have resulted in – or alternatively did result in – the quashing and recalling of any warrant.

8. Regardless of whether the warrant was actually quashed and recalled or not, however, Defendants Burton, McMahon, Molesky, McMahon, and/or White knew or should have known that there was no legal justification for the arrest of the Plaintiff, as the Plaintiff orally told the officers of the posting of the bond, and also actually had with her and showed the officers the bond slip that proved that she posted bond on the above-captioned case at 4:40 p.m. on February 7, 2007 before a clerk at the Bridgeview Court House, the same location where the warrant was issued, which also revealed she had a next court date on that case on February 15, 2007 in Room 105, at 9:00 a.m. at the Bridgeview Court House.

9. Additionally and/or alternatively, the City of Chicago had one or more policies or customs in place at the time of the Plaintiff's arrests that resulted in the deprivation of one or more of the Plaintiff's constitutional rights, including but not limited to, a known, systematic widespread system whereby Chicago police officers knowingly arrest citizens such as the Plaintiff, even though they know or should know that the warrants are invalid and/or bond has been posted on the matter, the proximate cause was the Plaintiff's damages.

10. Additionally and/or alternatively, at the time the Plaintiff posted bail on the warrant, Defendant Dorothy Brown knew or should have known (with actual notice and/or with constructive notice) that the Clerk's Office for the Circuit Court of Cook County knew there were numerous and systematic problems that plagued the Clerk's Office, the result of which was that Brown knew her failure to correct these problems would result in the illegal arrests of persons such as the Plaintiff. Brown knew of these problems, yet consciously took no action to prevent such false arrests, and she failed to properly take remedial measures to assure persons such as the Plaintiff would not be subjected to arrest on an invalid warrant and/or a warrant that

3

had been executed by the posting of bail, even though as Clerk of the Circuit Court of Cook County she had an affirmative duty to do so.

11. Additionally, and or alternatively, Defendants Burton, Cadman, Molesky, McMahon and/or White, knew there was no legal justification for the arrest of the Plaintiff, had a reasonable opportunity to intervene to prevent the false arrest, but failed to take reasonable steps to prevent other officers from making a false arrest of the Plaintiff, the proximate result was the Plaintiff's damages.

12. Additionally, and/or alternatively, Defendants McMahon and/or White were supervisors of Defendants Burton, Cadman, and Molesky. McMahon and/or White had at least some personal involvement in the actions described in this complaint in that they knowingly and/or with reckless indifference directed and/or consented to the actions described in the complaint, the proximate result was the Plaintiff's damages.

13. As a result of the actions of one or more Defendants, the Plaintiff suffered pecuniary damage, a loss of freedom, humiliation, as well as severe emotional distress.

COUNT I – False Arrest/Failure to Intervene to Prevent a False Arrest – Plaintiff against Defendants Burton, Cadman, Molesky, McMahon, and White

14. Plaintiff realleges what has previously been alleged in this Complaint.

15. In taking the actions described above, Defendants Burton, Cadman, Molesky, McMahon, and/or White willfully and wantonly arrested the Plaintiff and/or failed to intervene to prevent the false arrest of the Plaintiff, the proximate cause of which was the Plaintiff's damages.

WHEREFORE, Plaintiff demands compensatory damages against Defendants Burton, Cadman, Molesky, McMahon, and White, plus punitive damages, plus attorneys' fees and the

costs of this action, and any such other and additional relief as this court deems equitable and just.

### COUNT II – Supervisory Liability– False Arrest, 42 U.S.C. 1983 – Plaintiff against Defendants McMahon and White

16.  Plaintiff realleges what has previously been alleged in this Complaint.

17.  In taking the actions described above, additionally, and/or alternatively, Defendants McMahon and/or White were supervisors of Defendants Burton, Cadman, and Molesky. McMahon and/or White had at least some personal involvement in the actions described in this complaint in that they knowingly and/or with reckless indifference directed and/or consented to the actions described in the complaint, the proximate result was the Plaintiff's damages.

WHEREFORE, Plaintiff demands compensatory damages against Defendants Burton, Cadman, Molesky, McMahon, and White, plus punitive damages, plus attorneys' fees and the costs of this action, and any such other and additional relief as this court deems equitable and just.

### COUNT III – Supervisory Liability– False Arrest, 42 U.S.C. 1983 – Plaintiff against Defendant Brown

18.  Plaintiff realleges what has previously been alleged in this Complaint.

19.  In taking the actions described above, additionally, and/or alternatively, Defendant Brown was the highest ranking supervisor in the Office of the Clerk of the Circuit Court of Cook County, which is charged by law with maintaining court records and ensuring that law enforcement agencies know not to arrest individuals who bond out on warrants and/or have those warrants quashed and recalled.

20. Brown had at least some personal involvement in the actions described in this complaint in that she knowingly and/or with reckless indifference directed and/or consented to the actions described in the complaint as she knew of the widespread, systematic problems in her office with properly notifying law enforcement officials that individuals such as the Plaintiff had their warrants quashed and recalled and/or had posted bond on the warrants, yet she consciously took no actions to prevent the false arrest of persons such as the Plaintiff, knowing her failure to do so would result in the false arrest of persons such as the Plaintiff, the proximate result was the Plaintiff's damages.

WHEREFORE, Plaintiff demands compensatory damages against Defendant Brown, plus punitive damages, plus attorneys' fees and costs of this action, and any such other and additional relief as this court deems equitable and just.

COUNT IV – Monell count– 42 U.S.C. 1983 – Plaintiff against Defendant City of Chicago

21. Plaintiff realleges what has previously been alleged in this Complaint.

22. In taking the actions described above, additionally and/or alternatively, the City of Chicago had one or more policies or customs in place at the time of the Plaintiff's arrests that resulted in the deprivation of one or more of the Plaintiff's constitutional rights, including but not limited to, a known, systematic widespread system whereby Chicago police officers knowingly arrest citizens such as the Plaintiff, even though they know or should know that the warrants are invalid and/or bond has been posted on the matter, the proximate cause was the Plaintiff's damages.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus attorneys' fees and the costs of this action, and any such other and additional relief

COUNT V – Plaintiff against the City of Chicago (Indemnification)

23. Plaintiff realleges what has been previously alleged in this Complaint.

24. Defendant City of Chicago is the indemnifying entity for the actions, described above, of one or more City of Chicago police officers, who took their actions while acting under color of law and in the course and scope of their employment with the City of Chicago.

WHEREFORE, should one or more of the Defendant police officers be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) she obtains thereon.

COUNT VI – Plaintiff against Cook County (Indemnification)

25. Plaintiff realleges what has been previously alleged in this Complaint.

26. Defendant Cook County is the indemnifying entity for the actions, described above, of Defendant Dorothy Brown and/or her employees, who took their actions while acting under color of law and in the course and scope of their employment.

WHEREFORE, should Defendant Brown or any of her employees be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant Cook County be found liable for any judgment (other than punitive damages) she obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

        Respectfully submitted,

By _____
Richard Dvorak,
One of the Attorneys for the Plaintiff.

Richard Dvorak
Dvorak, Toppel & Barrido
3859 W. 26th Street
Chicago, IL 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)